IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00286-PSF-BNB

NCO FINANCIAL SYSTEMS, INC.,

      Plaintiff,

v.

GHOLAM YARI; and
ELZBIETA YARI,

      Defendants and Third-Party Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, d/b/a CIGNA,

      Defendant.

---

## ORDER OF REMAND

---

This matter is before the Court following the Notice of Removal (Dkt. # 1) filed by Third-Party Defendant Connecticut General Life Insurance Company ("CIGNA") on February 17, 2006 and the Court's subsequent Order to Show Cause as to CIGNA's right to remove this case to federal court (Dkt. # 7). CIGNA filed its response on March 7, 2006 (Dkt. # 8). On March 9, 2006, Plaintiff NCO Financial Systems, Inc. ("NCO") filed its reply (Dkt. # 9) opposing removal.

## I. BACKGROUND

Plaintiff NCO, as an assignee of Healthcare Plaza, filed the underlying action on November 29, 2005 in Arapahoe County, Colorado District Court, seeking payment of a debt allegedly owed it by Defendants Gholam and Elzbieta Yari arising out of medical

goods and services provided to defendants.  Defendants' answer included a third-party complaint asserted against CIGNA, their medical insurance provider, claiming that CIGNA was contractually obligated but failed to pay for the medical expenses giving rise to the debt at issue.

CIGNA filed its answer to the third-party complaint, denying liability and claiming coverage of the claim by the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. §§ 1001 *et seq.*  According to CIGNA, the entire case is removable to this Court pursuant to 28 U.S.C. § 1441(c), as federal question jurisdiction pursuant to 28 U.S.C. § 1331 is now present following the filing of the third-party complaint allegedly involving an ERISA claim.

## II.  ANALYSIS

### A.  Removal by Third-Party Defendants Generally

Courts are divided on the propriety of third-party removal under 28 U.S.C. § 1441(c).  Some have found removal by a third-party defendant proper where the third-party complaint states a removable claim that is "separate and independent" from the non-removable claims.  *See e.g. Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980); *Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 646 (D.N.J. 1991).  A majority of courts, however, have declined to extend 28 U.S.C. § 1441(c) to encompass removal by third-party defendants.  *See e.g. Lewis v. Windsor Door Co.*, 926 F.2d 729, 733-34 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir. 1984); 14C C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3724 at 40 (3d ed. 1998).

The various arguments for and against third-party removal are summarized in *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385 (D. N.J. 1999). Turning first to the text of the removal statute, opponents of third-party removal argue that only claims joined by the plaintiff are "joined with . . . [the] non-removable claims" within the meaning of § 1441(c). *Id.* at 391. Opponents further explain that an appropriately strict construction of § 1441(a), which permits removal only "by the defendant or the defendants," places a third-party defendant outside the ambit of the removal statute. *Id.* The Supreme Court has long held that where a defendant asserts a counterclaim against a plaintiff the plaintiff is not entitled to remove. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). It would thus seem incongruous and against congressional intent to allow third-party defendants to do so. *See e.g. Share v. Sears, Roebuck & Co.*, 550 F. Supp. 1107, 1109 (E.D. Pa. 1982); *Klor*, 46 F. Supp. 2d at 391.

Sound policy justifications also support the opponents' position. If removal could be predicated on a removable claim joined by a third-party defendant, a plaintiff could be forced "to litigate in a federal court that he did not choose and to which his adversary originally could not have removed." *Klor*, 46 F. Supp. 2d at 391. (internal quotation marks omitted). Additionally, allowing removal of an entire suit based on a third-party claim would appear to expand the jurisdiction of federal courts in contravention of the statutory limits on the right of removal. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951); *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09; *Thomas*, 740 F.2d at 486.

Proponents of third-party removal note that nowhere in § 1441(c) does it explicitly state that only claims joined by the plaintiff can support removal. *Klor*, 46 F. Supp. 2d at 391. Likewise, interpreting "the defendant or defendants" to exclude third-party defendants is not a necessary construction of § 1441(a). On the contrary, a third-party defendant, like any other defendant, has been haled into court involuntarily and has an interest in having the case against it heard in a federal forum. *Id.* at 392. The third-party defendant's involuntary presence in state court distinguishes it from the *Shamrock* plaintiff-counterdefendant, a distinction that arguably provides a coherent reason to permit removal by the third-party defendant while denying it to the plaintiff-counterdefendant. *Id.*

In response to the Court's Order to Show Cause, CIGNA cites no Tenth Circuit authority to support its position that a third-party defendant may remove an entire case pursuant to 28 U.S.C. § 1441(c). Indeed, the Tenth Circuit has not spoken definitively on the propriety of third-party removal, no doubt owing to the statutory limit on appellate review of decisions to remand found in 28 U.S.C. § 1447(d). Until a district court in this circuit denies a motion to remand a case removed by a third-party defendant, the issue is unlikely to be addressed by the circuit. *See* Resp. to Order to Show Cause at 3, ¶ 3.

The Court does not find that the lack of Tenth Circuit precedent on point creates great difficulty in deciding the issue. Looking to a sister district in this circuit (bound like this Court to interpret how the circuit would resolve the issue), that court has routinely remanded cases removed by third-party defendants. *See e.g. Menninger Clinic Inc. v. Schilly*, 1992 WL 373927 *2 (D. Kan., Nov. 23, 1992) (remanding case

4

where third-party defendant claimed ERISA preemption, holding that "third-party claims are not removable" and noting state courts' concurrent jurisdiction over ERISA claims); *Radio Shack Franchise Dep't v. Williams*, 804 F. Supp. 151, 153 (D. Kan. 1992) (citing MOORE'S FEDERAL PRACTICE for this being "the sound view"); *Elkhart Co-op Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989).

Although CIGNA cites several cases from outside this circuit permitting third-party removal, this Court finds that the better view and the one consistent with related Tenth Court precedent is that third party removal is impermissible under 28 U.S.C. § 1441(c). There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), and removal statutes are to be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). If there is ambiguity as to whether removal is appropriate, a court must adopt a "reasonable, narrow construction". *Id.* at 1095. The Court's holding comports with the approach taken by another district court in this circuit and with the majority view nationwide.

**B. Whether the Third-Party Complaint is Separate from and Independent of Plaintiff's Complaint**

Assuming *arguendo* that the Tenth Circuit would join with the minority of courts allowing third-party removal under § 1441(c), removal would still be proper here only if Gholam and Elzbieta Yari's claim for indemnification against third-party defendant CIGNA is "separate and independent" from NCO's claim against the Yaris for payment of the underlying debt. *See* 28 U.S.C. § 1441(c); *Am. Fire & Cas. Co.*, 341 U.S. at 14 ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an

5

interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).").

Courts are split on the question of whether a third-party claim for contractual indemnification is "separate and independent" from the main claim for relief. Some courts find in the affirmative, reasoning that the third-party defendant's contractual obligation to indemnify the defendant/third-party plaintiff is separate from any obligation the defendant might have to the plaintiff. *See Carl Heck Eng'rs*, 622 F.2d at 136. Others hold that because the viability of a third-party claim for indemnification is wholly dependent upon a finding of liability in the main claim, the third-party claim is not "separate and independent." *Klor*, 46 F. Supp. 2d at 394.

CIGNA relies on two cases for the proposition that an indemnity claim is separate and independent from the underlying claim. *See* Resp. to Order to Show Cause at 5, ¶¶ 8, 8.[1] The first, *Duncan v. Schuster-Graham Homes, Inc.*, 194 Colo. 441, 578 P.2d 637 (Colo. 1978), discusses the relationship of an indemnity claim to the underlying claim as it pertains to the statute of limitations. In *Duncan*, the Colorado Supreme Court held that the statute of limitations on an indemnity claim is tolled until the underlying claim is resolved because only after such resolution does an inchoate indemnity claim ripen into a cognizable claim for relief. *Id.* at 447. Yet this holding emphasizes the interdependence of the indemnity claim and the main claim for relief, militating against a finding that a claim for indemnity is separate and independent from the main claim. Though their respective statutes of limitations may run "separately and

---

[1] The Court notes that two paragraphs in CIGNA's Response are numbered "8." The Court refers to both paragraphs in this citation.

distinctly," it does not necessarily follow that a claim for indemnity is "separate and independent" for removal purposes.  Although the holding of the Colorado Supreme Court in *Duncan* was subsequently abrogated by statute, *see Nelson, Haley, Patterson, & Quirk v. Garney Cos.*, 781 P.2d 153, 155 (Colo. Ct. App. 1989), the Colorado Supreme Court's common law analysis remains persuasive.

CIGNA also cites *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944 F.2d 752 (10th Cir. 1991) to support its assertion that an indemnification claim is separate and independent.  In *Hospice*, the Court of Appeals held that ERISA did not preempt a state law claim brought by a health care provider against the patient's insurer.  In so holding, the court distinguished claims brought by a plan participant against an ERISA insurance carrier, which are preempted, from those brought by a third-party care provider, which are not.  The court thus remarked that the preemptive effect of ERISA is "distinct" as between the two different factual scenarios.  *Id.* at 756.

The *Hospice* language quoted by CIGNA not only appears to be dicta, but is based on statutory interpretation of ERISA for preemption purposes rather than a removal context.  Even if the Court were to find the two situations analogous, the quoted language describes the relationship between a claim brought by a third-party care provider and one brought by an ERISA plan participant, not the relationship between a claim for indemnity and the alleged underlying debt.

The Court is not persuaded that either of the cases cited by CIGNA support the proposition that a claim for contractual indemnification is "separate and independent" from the alleged obligation triggering the indemnification demand within the meaning

of § 1441(c).  The bottom line issue remains for all three parties: who pays the medical

bill?  And that issue is intertwined among them factually and legally.

### C.  Whether Severing the Third-Party Complaint and Ordering Partial Remand of the Remainder of the Case is Appropriate

Finally, the Court turns to CIGNA's request that in the alternative, the state law

portions of the litigation be remanded, allowing CIGNA's ERISA claim to remain in

federal court.  Under § 1441(c), a district court may exercise its discretion and remand

parts of a removed action in which state law predominates.  This discretion to remand

balances a defendant's interest in a federal forum for federal claims with a plaintiff's

choice of forum and the desire to avoid undue expansion of federal jurisdiction.  *Klor*,

46 F. Supp. 2d at 392.

Where a third-party defendant removes, however, the balance is upset.  If the

district court remands the state law claims in such circumstances, the defendant may

be subjected to inconsistent judgments.  In the case at bar, for example, if the state law

debt claim were remanded and the third-party claim litigated in federal court, plaintiffs

might be found liable for the debt in state court but not liable in federal court.  Their

indemnity claim would thus fail because the third-party defendant would not be bound

by the state court's decision.

In addition to the possibility of inconsistent outcomes, severance would not be in

the interest of judicial economy here.  Colorado courts have concurrent jurisdiction over

the ERISA claims at issue, as acknowledged by CIGNA.  Resp. at 2 n.1; *see also*

*Matter of Estate of Damon*, 915 P.2d 1301, 1305 (Colo. 1996) (recognizing limited

concurrent jurisdiction of state courts over ERISA claims); *Menninger Clinic*, 1992

WL 373927 at *2 (state courts have concurrent jurisdiction over certain ERISA claims). Here, both the debt and the indemnity claims require a determination of whether Gholam and Elzbieta Yari are liable to NCO for a debt arising from medical services rendered, for example.  By remanding the entire case, that question and other related issues can be litigated once rather than twice.  Such considerations persuade the Court that it would be inappropriate to exercise its discretion to sever the state and federal claims in this case.

## III. CONCLUSION

Accepting the view of a majority of courts both within this circuit and nationwide, recognizing the Court's duty to narrowly construe removal statutes, avoiding the potential for inconsistent judgments and acting in the interest of judicial economy, the Court finds that Third-Party Defendant CIGNA's Notice of Removal is improper. Accordingly, it is hereby ORDERED that this matter is REMANDED to the Arapahoe County, Colorado District Court.

DATED: March 30, 2006

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge